## NATIONAL LABOR RELATIONS BOARD v. OZARK HARDWOOD CO.

### No. 14339.

United States Court of Appeals, Eighth Circuit.

April 6, 1951.

Dominick L. Manoli, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

John M. Smallwood, Russellville, Ark., for respondent.

Harry P. Daily, Fort Smith, Ark., for Merchants Nat. Bank of Fort Smith.

Charles Gardner, Russellville, Ark., for respondent's stockholders.

Before RIDDICK, Circuit Judge, and TRIMBLE and LEMLEY, District Judges.

PER CURIAM.

The National Labor Relations Board, having in a proceeding before it ordered the Ozark Hardwood Company to reinstate discharged employees and make them whole for loss of pay while discharged, seeks the order of this court temporarily restraining a sale of property of the Hardwood Company pursuant to a final decree in a foreclosure action in a State court. The Board alleges on information and belief that the action in the State court was instituted and prosecuted as part of a plan of stockholders and officers of the Hardwood Company to prefer their claims against the Company to that of the Board, and thus to defeat the jurisdiction of this court to enforce the Board's back pay order now before the court on the Board's petition for enforcement. It seeks the order of this court compelling respondents to disclose to the Board the consideration for the debts of the Hardwood Company to secure which the Company executed the mortgages foreclosed by the decree of the State court.

The insurmountable obstacle in the way of the Board's petition is the final decree of the State court in the foreclosure action. The State court in its decree has determined the considerations the dates when incurred, and the validity of the obligations of the Hardwood Company secured by mortgages involved in the foreclosure action. The Board was not a necessary party to the foreclosure action in the State court. That it had no notice of the State court action until after the entry of its final decree is therefore of no significance. But if the Board considers

it is a proper party in the foreclosure action, the State court has retained jurisdiction for the protection of the rights of intervening parties. This court is without power to review the State court decree in this proceeding.

The petition is denied.